UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lausteveion Johnson<br><br>Plaintiff,<br><br>v.<br><br>Dicues, *et al*.,<br><br>Defendants. | Case No. 2:17-CV-03045-RFB-NJK<br><br>**ORDER**<br><br>Defendants' Motion to Dismiss Plaintiff's Amended Complaint in Part (ECF No. 46)<br><br>Plaintiff's Motion for Partial Summary Judgment (ECF No. 51)<br><br>Plaintiff's Motion for Oral Arguments via Video or Teleconference (ECF No. 60) |

**I.    INTRODUCTION**

Before the Court is Defendants' Motion to Dismiss (ECF No. 46), Plaintiff's Motion for Partial Summary Judgment (ECF No. 51) and Plaintiff's Motion for Oral Arguments via Video or Teleconference (ECF No. 60).

**II.    PROCEDURAL BACKGROUND**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections, and this is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. On December 11, 2017, Plaintiff filed his original Complaint. ECF No. 1-1. On January 2, 2019, Plaintiff filed a motion to file an Amended Complaint. ECF No. 4-1. On January 4, 2019, Plaintiff filed a motion for a preliminary injunction. ECF No. 5. On January 15, 2019, the Court held a hearing on Plaintiff's injunction motion and denied the motion. ECF No. 13. On September 30, 2019, Plaintiff filed his Amended Complaint. ECF No. 32. The same day, the Court entered its Screening Order which permitted the following claims (ECF No. 31):

- Count I: An Eighth Amendment conditions of confinement claim against Defendants Dicues, Dzurenda, Nash, and Williams alleging these defendants enforced a policy of denying Plaintiff adequate toilet paper resulting in pain and

unsanitary conditions;

- Count I: An Eighth Amendment deliberate indifference/failure to protect claim against Defendants Calderon, Dzurenda, Nash, and Williams alleging Calderon attempted to incite other inmates to physically assault or kill Plaintiff and that Dzurenda, Nash, and Williams were Calderon's actions and supported them;

- Count III: A First Amendment free exercise of religion and RLUIPA claims against Defendants Calderon, Dzurenda, Nash, and Williams alleging 1) Dzurenda, Nash, Williams, and Calderon denied Plaintiff's right to attend Islamic prayer services; 2) Calderon, Dzurenda, and Williams refused to allow Plaintiff to possess scented prayer oil; and 3) Calderon ordered Muslim and Christian inmates to physically attack Plaintiff because of Plaintiff's practice of his religion;

- Count III: A First Amendment retaliation claim against Dicues and Calderon alleging that (1) Dicues confiscated Plaintiff's Nike shoes on October 24, 2017 in retaliation for Plaintiff requesting a grievance form and (2) that Calderon denied Plaintiff religious oils for retaliatory reasons and allegedly told Plaintiff that because Plaintiff had sued him, Calderon would never approve Plaintiff's religious requests;

- Count IV: A First Amendment retaliation claim against Calderon, Williams, and Nash because they adversely interfered with his religious practice because of him initiating a lawsuit and filing grievances; and

- Count IV: A conspiracy claim against Nash, Williams, and Calderon alleging they expressed support for Calderon's decision not to give Plaintiff the religious oils he had ordered.

See ECF No. 31.

On November 1, 2019, the Court directed the Attorney General to file a notice of acceptance of service and further directed a response to the Amended Complaint by December 31, 2019. ECF No. 34 at 3. On November 20, 2019, the Attorney General accepted service for Defendants Jennifer Nash, James Dzurenda, Julio Calderon, Aaron Dicus (believed to be sued as "Dicues"), and Brian Williams. ECF No. 37.

On February 14, 2020, Defendants filed a Motion to Dismiss the Amended Complaint in Part. ECF No. 46. Defendants argued that (1) Plaintiff's requests for money damages from the official capacity Defendants should be dismissed with prejudice (ECF No. 46 at 4); (2) Defendants are entitled to qualified immunity on Plaintiff's toilet paper allegations (Id. at 4-6); (3) Defendants are entitled to qualified immunity on Plaintiff's First Amendment and conspiracy claim concerning Plaintiff's scented prayer oil allegations (Id. at 6-7); and (4) Plaintiff's RLUIPA claim and request for injunctive relief are moot and should be dismissed (Id. at 7-8).

Plaintiff filed the same document for the Opposition to Defendants' Motion to Dismiss (ECF No. 50) and a Partial Motion for Summary Judgment (ECF No. 51) with 171 pages of exhibits. Specifically, Plaintiff opposes Defendants' Motion to Dismiss arguments on (1) "money damages for the official capacity" defendants (ECF No. 50 at 6); (2) qualified immunity on the toilet paper issue (Id. at 6); (3) qualified immunity on First Amendment and conspiracy claims (Id. at 9); and (4) Plaintiff's RLUIPA claim for injunctive relief (Id. at 12).

Additionally, Plaintiff argues that (5) "he is entitled to summary judgment in his favor regarding the only 1 roll of toilet paper" issue (ECF No. 51 at 13); and (6) he "was denied Jumah on these dates, without legitimate penological purpose, thus Plaintiff is entitled to judgment as a matter of law." ECF No. 51 at 14.

On November 16, 2020, Plaintiff filed a Motion for Oral Arguments via Video or Teleconference. ECF No. 60.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

3

v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

### B. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## IV. DISCUSSION

### A. Motion to Dismiss

In Defendant's Motion to Dismiss Plaintiff's Amended Complaint in Part, Defendants request (1) that money damages against the official capacity Defendants should be dismissed with prejudice; (2) Defendants are entitled to qualified immunity in their individual capacities on Plaintiff's toilet paper allegations; (3) Defendants are entitled to qualified immunity on Plaintiff's scented prayer oil allegations and the related constitutional and conspiracy claims; and (4) that the Plaintiff's RLUIPA claim and request for injunctive relief should be dismissed as moot. ECF No. 46.

#### 1. Official Capacity Claims for Money Damages

Defendants argue that Plaintiff's requests for money damages against the official capacity of Defendants should be dismissed with prejudice because Nevada has not waived its Eleventh Amendment immunity, and section 1983 only creates jurisdiction for suits against "persons," and neither a state nor its employees acting in their official capacities are "person[s]" who can be sued under section 1983. ECF No. 46 at 4. Plaintiff argues that he is not seeking monetary damages against any defendant in their official capacity, and instead seeks injunctive relief. ECF No. 50 at 6. Plaintiff is suing Defendants in their individual capacity for monetary relief. Id.

"[A] suit against a state official in his or her official capacity ... is no different from a suit against the State itself." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). Therefore, state officials sued in their official capacities are generally entitled to immunity under the Eleventh Amendment, unless they are sued for prospective injunctive relief. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Further, under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

In his reply, Plaintiff does not contest claims for monetary damages against Defendants in their official capacities. Therefore, Plaintiff's claim is dismissed with prejudice as amendment would be futile and it would be barred by the Eleventh Amendment. However, Plaintiff's official capacity claims for prospective injunctive relief are not barred by the Eleventh Amendment.

**2. Qualified Immunity**

"[T]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Qualified immunity shields an officer from liability even if his or her action resulted from "mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. To determine whether an officer is entitled to qualified immunity, a two-step test is employed: first, the court decides whether the officer violated a plaintiff's constitutional right; then the court proceeds to determine whether the constitutional right was clearly established in light of the specific context of the case. The law allows the district court to "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011).

**a. Count I: Eight Amendment regarding conditions of confinement**

Defendants argue that Dicues, Dzurenda, Nash, and Williams are entitled to qualified immunity on the allegation that they enforced a policy of providing prisoners with one roll of toilet paper each week. ECF No. 46 at 6. Defendants state that they could have reasonably believed that such a policy was lawful because there is no clearly established federal law that requires prison officials to provide prisoners with more than one roll of toilet paper each week. Id. Further, Defendants state that other courts have found similar situations regarding the alleged inadequate supply of toilet paper in prions as not stating a constitutional claim. Id.

Plaintiff argues that toilet paper is a basic human need. ECF No. 50 at 7. Plaintiff also asserts that Defendants knew for two years that Plaintiff suffered excruciating pain every day from either holding in his bowel movements or finding toilet paper substitutes, all of which caused him unsanitary conditions and suffering. Id. at 7-9. Plaintiff asserts that he had to hold his bowels for 3-4 days a week for 2 years. Id. at 13.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). To challenge the conditions of confinement under the Eighth Amendment, a plaintiff must meet both an objective and subjective

test. Id. The objective prong requires a showing that the deprivation was sufficiently serious to form the basis for an Eighth Amendment violation. Id. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, the Court finds that Plaintiff has pled sufficient detailed factual allegations for an Eighth Amendment violation to survive a motion to dismiss and that qualified immunity does not apply at this time. Viewing all facts and drawing all inferences in the light most favorable to the nonmoving party, Plaintiff alleges that Defendants knew that providing Plaintiff one toilet paper roll a week did not provide Plaintiff adequate sanitary conditions and that this caused him suffering. It was clearly established at the time of the conduct in this case that Defendants could not knowingly deny Plaintiff a basic sanitary need which, if not properly provided, would cause him pain and suffering. Chapman, 452 U.S. at 347; Lewis, 217 F.3d at 731.  Therefore, Dicues, Dzurenda, Nash, and Williams are not entitled to qualified immunity on this issue. This claim is not dismissed at this stage in the proceedings.

### b. Count III: First Amendment free exercise of religion and RLUIPA claims & Count IV: conspiracy claim regarding the religious oils

Plaintiff alleges Calderon, Dzurenda, Nash, and Williams denied his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by refusing to allow him to possess scented Islamic prayer oil. ECF No. 31 at 9-10. In Count IV, Plaintiff alleges Nash and Williams conspired to violate his constitutional rights by expressing support for Calderon's decision not to give Plaintiff religious oils he had ordered. Id. at 13.

Defendants argue that Calderon, Dzurenda, Nash, and Williams are entitled to qualified immunity on Plaintiff's First Amendment and conspiracy claim related to scented prayer oil because there is no clearly established federal law requiring prison officials to allow prisoners to possess scented prayer oil. Further, communicating amongst themselves about their decision to deny the request was lawful and not conspiracy. ECF No. 46 at 6-7.

Plaintiff alleges that as a Muslim, he must apply scented oils for his prayers, that he told Defendants that it is necessary for his practice, and Defendants conspired to refuse him the oils that he had ordered as a form of retaliation against him. ECF No. 50 at 10-11.

The United States Supreme Court has held that inmates retain protections afforded by the

First Amendment "including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). To raise a viable claim under the Free Exercise Clause, a prisoner must initially make a showing that the defendant has substantially burdened a sincerely held religious belief. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). The RLUIPA, which governs religious exercise by institutionalized persons, provides in relevant part:

> "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person–(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

42 U.S.C. § 2000cc-1(a)(1)-(2).

With respect to a claim regarding conspiracy, a plaintiff must state specific facts to support the existence of the claimed conspiracy and an "agreement or meeting of the minds to violate constitutional rights." Burns v. Cnty. of King, 883 F.2d 819, 821 (9th Cir. 1989); Crowe v. Cnty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).

First, regarding the First Amendment free exercise of religion and RLUIPA claims about the scented oils, the Court finds that the Plaintiff has pled sufficient facts to state a claim to relief that is plausible on its face. Plaintiff's alleges that he told Defendants that he needed scented oils to practice his Muslim faith and that denying him possession of his scented oil orders imposed significant hardship to his religious practices and beliefs. This free exercise right was clearly established. Schriro, 514 F.3d at 884-85. The Court rejects the Defendants' arguments that a particular aspect of worship must be clearly established to deny qualified immunity. It is the knowing and intentional burdening of the free exercise of religion that constitutes the basis for the violation and not just the particular aspect of worship. Therefore, the First Amendment and RLUIPIA claim against Calderon, Dzurenda, Nash, and Williams with respect to the scented religious oils survives the motion to dismiss.

Second, regarding the conspiracy claim regarding the scented religious oils, the Court finds that Plaintiff has not pled sufficient facts to state a claim to relief. Plaintiff asserts that they told him that his oils were not going to be approved, and Calderon said, "I'm not going to give you

oils. And Nash supports my decision!" ECF No. 50 at 11. Even when construing the facts in the light most favorable to the nonmoving party, the Court is unpersuaded with the facts that Plaintiff has provided to demonstrate that Nash, Williams, and Calderon had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, the Court finds that the conspiracy claim regarding the religious oils should be dismissed without prejudice.

### c. Count III: Injunctive Relief regarding the RLUIPA claims

The Court found that Plaintiff stated a colorable RLUIPA claim against Defendants Calderon, Dzurenda, Nash, and Williams on three allegations: 1) denial of a right to attend group religious services; 2) denial of a right to possess scented prayer oil; and 3) an allegation that Calderon ordered inmates to physically attack Plaintiff. ECF No. 31 at 11. In his request for relief, Plaintiff asks for an injunction "to change the policy on toilet paper, and the oil policy by allow[ing] inmates to order from [the] canteen, and outside of [the] NDOC, and allow them to keep it in their cells." ECF No. 32 at 22.

Defendants allege that RLUIPA claims are limited to injunctive relief because the statute does not authorize money damages against state officials, regardless of whether they are sued in their official or individual capacities. ECF No. 46 at 7. Further, Defendants assert that Plaintiff's RLUIPA claim and request for injunctive relief are moot and should be denied because Plaintiff is no longer housed at High Desert State Prison and housed at Southern Desert Correctional Center instead. Id. Moreover, Defendants state that Plaintiff does not request any injunctive relief regarding his RLUIPA allegations that staff denied his right to attend group religious services or that Calderon ordered inmates to physically attack him. Id. at 8.

Plaintiff argues that SDCC is only 5 minutes from HDSP and that he may be transferred back at any time. ECF No. 50 at 12. Defendants respond saying that injunctive relief should not be granted by forcing HDSP to change their policies for if or when Plaintiff returns. ECF No. 54 at 6-7.

The Court finds that the RLUIPA claims are limited to injunctive relief. Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015). Moreover, because Plaintiff is no longer housed at High Desert State Prison and is now housed at Southern Desert Correctional Center, the Court finds that Plaintiff's claims for injunctive relief regarding the RLUIPA claims should be dismissed without prejudice. He may reassert this claim if he is transferred.

### B. Motion for Summary Judgment

Plaintiff filed a combined document in the Opposition to Defendants' Motion to Dismiss (ECF No. 50) and a Partial Motion for Summary Judgment (ECF No. 51) in which he argues for the denial of Defendants' Motion to Dismiss and the granting of Plaintiff's Motion for Summary Judgment. Specifically, Plaintiff opposes Defendants' Motion to Dismiss arguments on (1) "money damages for the official capacity" defendants (ECF No. 50 at 6); (2) qualified immunity on the toilet paper issue (Id. at 6); (3) qualified immunity on First Amendment and conspiracy claims (Id. at 9); and (4) Plaintiff's RLUIPA claim for injunctive relief (Id. at 12).

Additionally, Plaintiff argues that (5) "he is entitled to summary judgment in his favor regarding the only 1 roll of toilet paper" issue (ECF No. 51 at 13); and (6) he "was denied Jumah on these dates, without legitimate penological purpose, thus Plaintiff is entitled to judgment as a matter of law." ECF No. 51 at 14.

Because Plaintiff's first four arguments appear to be in opposition to Defendants' Motion to Dismiss and Defendants reply to that in their opposition (ECF No. 54), Defendants respond and oppose to Plaintiff's arguments moving for summary judgment in ECF No. 56.

The Court now turns to Plaintiff's Motion for Partial Summary Judgment regarding (1) the Eighth Amendment claim about conditions of confinement; and (2) First Amendment free exercise claim about being denied permission to attend religious services.

### 1. Eight Amendment claim regarding inadequate toilet paper

Plaintiff argues that summary judgment should be granted because "Plaintiff suffered under these conditions for 2 years straight, every day. Defendants clearly violated the U.S. Constitution, and because these facts are not in dispute, Plaintiff is entitled to summary judgment…" ECF No. 51 at 9-10. Defendants argue that summary judgment should not be granted because (1) Defendants are entitled to qualified immunity on the issue; (2) Plaintiff is not able to show that he would be granted summary judgment as a matter of law; and (3) Plaintiff has not shown any evidence that supports his contention that he is entitled to summary judgment. ECF No. 56.

Here, as discussed above, the Court has found that Plaintiff is able to state a colorable claim about his conditions of confinement that survives a motion to dismiss. However, the Court finds that he is not entitled to summary judgment on this claim because there remain issues of genuine material fact regarding the Defendants' provision of adequate toilet paper. Plaintiff asserts that he had to hold his bowels for 3-4 days a week for 2 years (ECF No. 51 at 13) and provides exhibits

that he has filed grievances about his lack of toilet paper. ECF No. 51-2. Defendants point to those exhibits and argue that Defendants addressed Plaintiff's requests for additional toilet paper, such as reports that say, "That C/O (correctional officer) gave you some TP to hold you over till supply day" (ECF No. 51-1 at 2) and "Per OP (Operational Procedure) 705, inmates are issued one roll of toilet paper per week and can purchase toilet paper from the canteen. If an inmate requires additional toilet paper, staff will search the inmate's cell to ensure that the inmate actually requires additional toilet paper due to inmates hoarding it. Sr. Officer Dicus was following this policy and you were issued additional toilet paper." ECF No. 51-2 at 5. Therefore, there remain genuine issues of material fact as to how much toilet paper Plaintiff was provided and whether Defendants were aware of any suffering by Plaintiff based upon insufficient provision of toilet paper.  Summary judgment is therefore denied as to this claim.

### 2. First Amendment free exercise claim

Plaintiff argues that he is entitled to summary judgment on his First Amendment Free Exercise Claim because Defendants "den(ied) Plaintiff Jumah on 10/13/17, 10/20/17, 10/27/17, 11/7/17, 11/10/17, and 11/17/17 without cause." ECF No. 51 at 14. Plaintiff's exhibits reference Plaintiff's inability to attend Jumah on June 8, 2018, (ECF 51-1 at 155) and another reference to December 18 and 21, 2017. Id. at 162.

Defendants argue that Plaintiff's request for summary judgment should be denied because those dates in the exhibits are not the dates for which Plaintiff claims he is entitled to summary judgment, that there is no evidence of personal participation by any of the specific Defendants. In the alternative, Defendants suggest that since discovery has not begun and no scheduling order has been filed, that the Court should allow for the taking of discovery and allow for an extension in which to reply to the Motion for Summary Judgment until thirty days after the conclusion of that discovery on this issue.

Here, the Court finds that there remains a genuine issue of material fact regarding whether Defendants Calderon, Dzurenda, Nash, and Williams denied Plaintiff Jumah on 10/13/17, 10/20/17, 10/27/17, 11/7/17, 11/10/17, and 11/17/17 without cause. Plaintiff does not plead sufficient facts necessary to establish a favorable finding for summary judgment on this issue, and the taking of discovery has not commenced. Summary judgment is therefore denied as to this claim.  The Court shall order parties to submit a proposed discovery schedule for a discovery period of 90 days to the Court for consideration.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint in Part (ECF No. 46) is GRANTED in part and DENIED in part. Plaintiff's request for money damages against the official capacity Defendants are dismissed with prejudice. Plaintiff's claim against the Defendants in their individual capacities on Plaintiff's toilet paper allegations and scented prayer oil allegations and the related constitutional claims are not dismissed and remain. The conspiracy claims against Nash, Williams, and Calderon are dismissed without prejudice. Plaintiff's RLUIPA claims and request for injunctive relief are dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 51) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Arguments via Video or Teleconference (ECF No. 60) is DENIED.

**IT IS FURTHER ORDERED** that Parties shall submit a proposed discovery schedule for a discovery period of 90 days to the Court for consideration. Each party may submit a proposed schedule by March 8, 2021.

DATED: February 25, 2021

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE